IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIOS ALEXANDER,

    Plaintiff,                         No. CIV S-09-3368 DAD P

    vs.

SEAN FITZGERALD et al.,

    Defendants.                   <u>ORDER</u>

/

        Plaintiff is an El Dorado County Jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        On February 22, 2010, the court found that, liberally construed, plaintiff's complaint appeared to state cognizable claims for relief against El Dorado County Sheriff's Deputies Sean Fitzgerald and Richard Strasser as well as the El Dorado County Sheriff's Department. The court ordered plaintiff to complete and submit the documents necessary for service on the defendants.

        On February 26, 2010, plaintiff filed a one page motion to amend his complaint, together with a request for additional USM-285 forms. In his motion to amend, plaintiff explains that he would like to add El Dorado County Sheriff Jeff Neves as a defendant to this action. Plaintiff alleges that Sheriff Neves is vicariously liable for failing to train Deputies Sean

1

Fitzgerald and Richard Strasser, which resulted in the deprivation of plaintiff's constitutional rights. (Pl.'s Mot. to Amend at 1.)

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, the court will deny plaintiff's motion to amend because it is not accompanied by a proposed amended complaint. As a litigant proceeding in forma pauperis, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915. Since plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.

In addition, plaintiff's is advised that his allegations against Sheriff Jeff Neves fail to state a cognizable claim. It is well established that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Here, plaintiff has not alleged a specific causal link between any actions by Sheriff Neves and the claimed constitutional violations.

Accordingly, the court will deny plaintiff's motion to amend and his request for additional forms. The case will proceed in accordance with the court's February 22, 2010 order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Doc. No. 12) is denied; and

2. Plaintiff's request for additional USM-285 forms (Doc. No. 13) is denied.

DATED: March 5, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
alex3368.mta

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26