IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIOS ALEXANDER,

        Plaintiff,                        No. CIV S-09-3368 DAD P

    vs.

SEAN FITZGERALD et al.,

        Defendants.               <u>ORDER</u>

/

        Plaintiff is an El Dorado County jail inmate proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 28, 2010, plaintiff filed a request for an extension of time "on all further proceedings" on the grounds that he is currently housed at Duel Vocational Institute and does not have adequate access to a typewriter, a copy machine, or the law library.  The next day, defendants filed a statement of non-opposition to plaintiff's request.  The court nonetheless denied plaintiff's motion by order filed July 6, 2010, finding that good cause to stay the action for an indefinite period was lacking.

        Now pending before the court is plaintiff's July 13, 2010 motion for an extension of time.  Therein, plaintiff requests an additional 60 days to prepare discovery requests.  Plaintiff states that he has been unable to prepare timely discovery requests because he has been confined to his cell for 23 hours a day and has insufficient access to a copy machine, a typewriter, or to a

computer. In addition, plaintiff asserts that his requests to prison officials for copies and access to the law library have been repeatedly denied over the past three weeks.

The court will construe plaintiff's motion as a request to modify the court's scheduling order of May 15, 2010. Under Fed. R. Civ. P. 16(b), a scheduling order cannot be modified "except upon a showing of good cause." Good cause is present when the party seeking modification of the scheduling order demonstrates that he has been diligent but nevertheless is unable to meet the timetable set forth by the court. See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). In this case, plaintiff appears to have been diligent in his attempts to serve his discovery requests upon defendants, as demonstrated by his persistent requests for copies and law library access at his institution of confinement. Accordingly, good cause appearing, the court will modify the discovery schedule in this case.

IT IS HEREBY ORDERED THAT the court's May 15, 2010 scheduling order is modified as follows:

1. The parties may conduct discovery until November 5, 2010. Any motions necessary to compel discovery shall be filed and served by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than sixty days prior to that date.

2. All pretrial motions, except motions to compel discovery, shall be filed and served on or before January 28, 2011. Motions shall be briefed in accordance with paragraph 7 of this court's order filed May 11, 2010.

3. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

DATED: July 19, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
alex3368.36(2)

2