IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIOS ALEXANDER,

      Plaintiff,                                No. CIV S-09-3368 DAD P

      vs.

SEAN FITZGERALD et al.,

      Defendants.                       <u>ORDER</u>

/

      Plaintiff is an El Dorado County Jail inmate proceeding through counsel with this civil rights action pursuant to 42 U.S.C. § 1983.

**BACKGROUND**

      On December 3, 2009, plaintiff commenced this action by filing a civil rights complaint against El Dorado County Sheriff's Deputies Fitzgerald and Strasser, and the El Dorado County Sheriff's Department. Therein, plaintiff alleged that defendant Fitzgerald used excessive force against him during the course of his arrest, and defendant Strasser failed to provide him with adequate medical care following his arrest. Plaintiff also alleged that defendant El Dorado County Sheriff's Department has knowingly created an atmosphere of lawlessness where superiors condone and justify unconstitutional behavior on the part of deputies. In terms of relief, plaintiff requested monetary damages. (Compl. Attach. 1-13.)

1

1         On February 22, 2010, the court found that, liberally construed, plaintiff's complaint appeared to state cognizable claims for relief against defendants Fitzgerald, Strasser, and the El Dorado County Sheriff's Department.  In due course, the United States Marshal served plaintiff's complaint on the defendants.  On May 11, 2010, the defendants filed an answer to the complaint.  On May 17, 2010, the court issued a discovery and scheduling order allowing the parties to conduct discovery until September 3, 2010, and file dispositive motions on or before November 29, 2010.

         On July 13, 2010, plaintiff filed a motion to amend his complaint, together with a proposed amended complaint.  He explained that he recently obtained a law enforcement onboard dash camera video through discovery that exonerated defendant Fitzgerald and implicated several other defendants.  Thereafter, on August 26, 2010, the court dismissed defendant Fitzgerald from this action and found that, liberally construed, plaintiff's amended complaint appeared to state additional cognizable claims for relief against El Dorado County Sheriff's Department Sergeant Chovanec, Placerville Police Officers Scholtz, Maciel, and Meuser, and the Placerville Police Department.  The court also vacated the scheduling order in this case.  In due course, the United States Marshal served plaintiff's amended complaint on the defendants.  On November 30, 2010, defendants Chovanec, Strasser, and the El Dorado County Sheriff's Department filed an answer to the amended complaint.  On December 3, 2010, defendants Maciel, Meuser, Scholtz and the Placerville Police Department filed an answer to the amended complaint.

         On December 1, 2010, plaintiff filed a motion for appointment of counsel, which defendants opposed.  On December 13, 2010, the court found that exceptional circumstances exist in this case warranting the appointment of counsel for plaintiff.  Accordingly, the court granted plaintiff's motion and appointed Ellen C. Dove, Law Offices of Ellen C. Dove, to represent plaintiff.

/////

/////

## STATUS CONFERENCE

Pursuant to Federal Rule of Civil Procedure 16(b), this court will schedule a status conference in this case. Prior to the status conference, counsel will be required to file status reports addressing the topics described below. Counsel will also be required to propose new scheduling dates for discovery and law and motion.

## PENDING MOTIONS

On July 13, 2010, counsel for then-defendant Fitzgerald and defendants Strasser and the El Dorado County Sheriff's Department filed a motion to compel. On August 10, 2010, August 17, 2010, September 23, 2010, and September 27, 2010, plaintiff while still proceeding pro se filed various motions to compel. In addition, plaintiff filed numerous requests related to discovery, a "legal runner," service documents, and status. Plaintiff also filed with the court copies of his requests for admission sets one and three to the El Dorado County Sheriff's Department. Finally, on October 7, 2010, plaintiff filed a motion to verify his complaint, together with a declaration.

In light of the court's dismissal of defendant Fitzgerald, as well as the recent appointment of counsel for plaintiff, the court will deny the parties' motions to compel and plaintiff's other requests without prejudice to refiling after the court conducts the status conference and issues a new pretrial scheduling order for this litigation. In addition, pursuant to the Federal Rules of Civil Procedure, neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court. As such, the court will place plaintiff's requests for admission sets one and three to the El Dorado County Sheriff's Department in the court file and disregard them. Finally, it is not clear why plaintiff filed a motion seeking to verify his complaint because he verified his amended complaint prior to filing it. Accordingly, at this time, the court will deny plaintiff's motion as unnecessary.

/////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. A Status (Pretrial Scheduling) Conference is set for **Friday, April 22, 2011 at 10:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd.

2. Counsel on behalf of each party shall appear at the Status Conference. Any party may make the required appearance either in person or telephonically. To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 no later than 48 hours before the Status (Pretrial Scheduling) Conference.

3. Plaintiff shall file and serve a status report on or before **March 25, 2011,** and defendants shall file and serve status reports on or before **April 8, 2011**. Each status report shall address all of the following matters:

    a. Progress of service of process;

    b. Possible joinder of additional parties;

    c. Possible amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g. Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

    h. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i. Whether the case is related to any other case, including matters in bankruptcy;

    j. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement

4

1    judge, waiving any disqualification by virtue of his
     so acting, or whether they prefer to have a
2    Settlement Conference before another magistrate
     judge;

3
     k.   Whether the parties intend to consent to proceed
4         before a United States Magistrate Judge; and

5    l.   Any other matters that may aid in the just and
          expeditious disposition of this action.

6

7           4. Failure to file a timely status report or a failure to appear at the status

8   conference, either in person or telephonically, may result in a recommendation that this case be

9   dismissed for lack of prosecution and as a sanction for failure to comply with court orders and

10  applicable rules. See Local Rules 110 and 183.

11          5. Defendants' motion to compel (Doc. No. 32) is denied without prejudice to

12  refiling if necessary after the status conference.

13          6. Plaintiff's motions to compel (Doc. Nos. 41, 46, 58-60) and requests related to

14  discovery, a "legal runner," service documents, and status (Doc. Nos. 42, 43, 45, 47) are denied

15  without prejudice to refiling if necessary after the status conference.

16          7. Plaintiff's requests for admission sets one and three to the El Dorado County

17  Sheriff's Department (Doc. Nos. 44 & 50) are disregarded.

18          8. Plaintiff's motion to verify his complaint (Doc. No. 63) is denied as

19  unnecessary.

20  DATED: March 5, 2011.

21

22                                              _____
                                                DALE A. DROZD
23  DAD:9                                       UNITED STATES MAGISTRATE JUDGE
    alex3368.status
24

25

26